IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD H. EWELL, | No. 4:22-CV-00963 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MICHAEL ESPESITO, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

AUGUST 16, 2022

Plaintiff Ronald H. Ewell is currently being held in pretrial detention in Lackawanna County Prison in Scranton, Pennsylvania. He filed the instant *pro se* Section 1983[1] action, asserting constitutional violations against two prison officials. Because Ewell's complaint fails to state a claim against either Defendant, the Court will dismiss the complaint under 28 U.S.C. § 1915A(b)(1).

## I.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* 28 U.S.C. § 1915A(a).

upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the]

---

[3]  *Id.* § 1915A(b)(1).
[4]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Ewell proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Ewell, is incarcerated.[14]

## II.   DISCUSSION

Ewell's allegations are brief.  He claims that, on several unspecified occasions,[15] he was mistreated by Correctional Officer Michael Espesito.  He avers that Espesito "invited" Ewell to "take a swing at him," told other inmates that Ewell was put on the unit to "snitch on them," yelled at Ewell and used profanity,

---

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]  *Iqbal*, 556 U.S. at 681.
[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15]  The Court notes that Ewell provides no dates in his complaint, another potential deficiency for his claims.

and also told Ewell that he does not like him.[16] Ewell asserts that he believes his Eighth and Fourteenth Amendment rights were violated, but he does not specify what type of Section 1983 claim he is asserting under those provisions.[17] It is possible that he is attempting to assert a Fourteenth Amendment conditions-of-confinement claim, although it is unclear from his complaint.

Besides Espesito, Ewell also names as a defendant Warden Timothy M. Betti,[18] but provides no factual allegations involving Betti. The Court will briefly identify the material deficiencies in Ewell's pleading.

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[19] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[20] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[21]

---

[16]   Doc. 1 at 4.
[17]   *Id.* at 5. Because Ewell is a pretrial detainee, his claims implicate the Fourteenth Amendment, not the Eighth. *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).
[18]   *Id.* at 3.
[19]   *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[20]   *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[21]   *Id.* (quoting *Rode*, 845 F.2d at 1207).

As noted above, Ewell does not include any allegations that would establish personal involvement by Betti in the alleged constitutional violations. Betti's name, in fact, does not appear in the complaint except for in the caption and the defendant-identification section.[22] Accordingly, the Court must dismiss the claims against Betti for lack of personal involvement.

### B. Alleged Constitutional Violations

Ewell's allegations against Espesito also fall short of meeting the requirements for stating a claim under Section 1983. In particular, the actions Ewell attributes to Espesito—even if true—do not rise to the level of a constitutional violation. In general, verbal harassment, taunting, and profanity, without any injury or a threat thereof, are insufficient to implicate a constitutional infringement under either the Eighth or Fourteenth Amendment.[23] While the Court in no way condones the alleged unprofessional conduct of Espesito, such verbal harassment, profanity, and taunting has repeatedly been held not to amount to a constitutional violation. Accordingly, the Court must dismiss the Section 1983

---

[22] *See* Doc. 1 at 1, 3.
[23] *See Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (explaining that "verbal harassment does not give rise to a constitutional violation enforceable under § 1983"); *see also Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) (collecting cases); *Manning v. Flock*, No. 1:11-CV-0293, 2012 WL 1078227, at *12 (M.D. Pa. Mar. 30, 2012) (collecting cases); Graham v. Main, Civil Action No. 10-5027(SRC), 2011 WL 2412998, at *24-25 (D.N.J. June 9, 2011) ("Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner."); *Mohamed v. Aviles*, Civil No. 06-4794 (FSH), 2007 WL 923506, at *5 (D.N.J. Mar. 26, 2007) (collecting cases).

claim against Espesito under Section 1915A(b)(1) for failure to state a claim for relief as well.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[24]  Because it is not certain that amendment would be futile, the Court will permit Ewell to file an amended complaint—in accordance with this Memorandum—in the event that he can aver facts that would plausibly state a constitutional violation.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Ewell's Section 1983 claims pursuant to 28 U.S.C. § 1915A(b)(1) because they fail to state a claim upon which relief may be granted.  Ewell, if he is able, may file an amended complaint in accordance with this Memorandum.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24] *Grayson*, 293 F.3d at 114.